## MIDLAND SAVINGS & LOAN CO. v. JONES et al.

No. 9047—Opinion Filed May 28, 1918.

Rehearing Denied June 25, 1918.

(173 Pac. 440.)

### Mortgages—Assumption by Grantee—Liability—Foreclosure—Issue.

A grantee of mortgaged real estate, who assumes the payment of the mortgage, is liable to the mortgagor only for the amount secured by the mortgage, and is not liable to the mortgagor on some collateral contract entered into between the mortgagee and the mortgagor; hence, where suit is brought for the foreclosure of a mortgage, and the grantee pleads payment, payment is the only issue between the mortgagee and the grantee of the mortgaged premises.

(Syllabus by Pryor. C.)

Error from District Court, Mayes County; W. H. Brown, Judge.

Action to foreclose a real estate mortgage by Midland Savings & Loan Company against John E. Jones and wife and Thomas Hale. Judgment for defendant Hale, and plaintiff brings error. Affirmed.

A. Lee Battenfield and A. J. Bryant, for plaintiff in error.

A. W. Fisher, for defendant in error.

Opinion by PRYOR, C. This is an action commenced by the Midland Savings & Loan Company, a corporation, plaintiff in error, against John E. Jones, Plina M. Jones, and Thomas Hale, defendants in error, to foreclose a real estate mortgage. On the 2nd day of January, 1912, the defendant, John E. Jones, became a shareholder of the plaintiff company by the purchase of 20 shares of its capital stock at $100 per share, to be paid for in monthly installments of $8 per month. At the same time the company loaned Jones $40, to secure the payment of which Jones executed a mortgage to plaintiff covering the northerly 50 feet of lot 3, block 58, in the town of Pryor Creek. Subsequent to the execution of the mortgage, the defendants John E. Jones and wife, Plina M. Jones, conveyed the lots to the defendant Thomas Hale. Hale assumed the mortgage on the property. The defendants John E. Jones and Plina M. Jones made no defense to the action of plaintiff. The defendant Hale pleaded payment. There was trial to the court without a jury, and the court rendered judgment for the defendant. From this judgment plaintiff appeals.

The testimony of Thomas Hale shows that he paid the amount covered by the mortgage in full, with interest at the rate of 10 per cent. per annum, and $5.40 excess of the amount of the mortgage, with interest, The plaintiff admits that Hale had paid it the amount of the mortgage, with interest, but contends that a portion of this amount paid was applied to payment of fines assessed against Jones, and to apply on the payment of the stock contracted for, and offered depositions to prove this fact. On objection of the defendant Hale the court excluded the depositions. This evidence was irrelevant to the issues between the loan company and Hale. Hale was only indebted to the company for the amount of the mortgage and interest, and the company could not hold him liable for the assessment of fines they had made against Jones by reason of his contract to purchase shares of its stock, and could not apply the amounts remitted to it to the payment of fines and assessment, but must apply them on the debts. Midland Savings & Loan Co. v. Deaton, 57 Okla. 622, 157 Pac. 285. The court committed no error in excluding the evidence, as the only issue between Hale and the company was whether or not the debt covered by the mortgage had been paid, and in offering such depositions the plaintiff admitted in court that Hale had paid the company a sufficient amount to satisfy the loan, with interest.

Plaintiff complains that the trial court erred in striking certain paragraphs of its petition, and argues that the striking of such paragraphs destroyed the petition. It is not necessary to consider the correctness of the court's ruling on the demurrer, for the reason that the only issue between plaintiff and Hale was the issue of payment of

amount secured by the mortgage; and, this being the only issue involved, the action of the court in letting the parties go to trial on this issue cured the error, if any; there was error in the holding of the court on the demurrer.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.